UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, SUZETTE LINDGREN, ANDREW MOYER, on behalf of themselves and all others similarly situated, and MASSACHUSETTS COALITION FOR THE HOMELESS, and CENTRAL MASSACHUSETTS HOUSING ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WORCESTER, WORCESTER PUBLIC LIBRARY, and WORCESTER PUBLIC LIBRARY BOARD OF DIRECTORS,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>MEMORANDUM IN SUPPORT OF JANE DOE'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM<br><br>06-40133 |

Doe et al v. City of Worcester et al    Doc. 4

I. INTRODUCTION

Plaintiff Jane Doe ("Ms. Doe") hereby files this memorandum in support of her motion seeking leave to proceed under a pseudonym in this action. Plaintiff Jane Doe fears that she and her child, who is not a plaintiff in this action, will be at risk of substantial physical violence if Ms. Doe's true and complete name is revealed.

## II. THE COURT SHOULD ALLOW PLAINTIFF DOE TO PROCEED UNDER A PSEUDONYM

Rule 10(a) of the Federal Rules of Civil Procedure ("the Rules") provides that "in the complaint the title of the action shall include the names of all the parties...." Although the Rules contain no explicit language authorizing the use of pseudonyms, federal courts, including implicitly the Supreme Court, have allowed plaintiffs to proceed under fictitious names to avoid social stigma or potential harm. 2A Moore's Federal Practice 110. 02 (2d ed. 1991); see also Roe v. Wade, 410 U.S. 113 (1973); Doe v. Bolton, 410 U.S. 179 (1973).

Courts have generally permitted the use of pseudonyms to protect a plaintiff from harm such as harassment, injury, ridicule or personal embarrassment. U.S. v. Doe, 655 F. 2d 920, 922 n.1 (9th Cir. 1981) (risk of serious bodily harm); Doe v. Stegall, 653 F. 2d 180, 186 (5th Cir. 1981) (threat of physical harm); Poe v. Ullman, 367 U.S. 497, 498 n.1 (1961) (birth control); Doe v. United Services Life Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (homosexuality); Doe v. Gallinot, 486 F. Supp. 983, (C.D. Cal. 1979), aff'd, 657 F. 2d 1017 (9th Cir. 1981) (mental illness); Doe v. Rostker, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (conscientious objector status).

The decision to allow a plaintiff to proceed anonymously is left to the trial court's discretion. Roe v. Borup, 500 F. Supp. 127, 130 (E.D.Wis. 1980) (quoting Lindsay v. Dayton-Hudson Corp., 592 F. 2d 1118, 1125 (10th Cir. 1979)). While no "express standard" exists to guide the court, Doe v. Hallock, 119 F.R.D. 640, 643 (S.D. Miss. 1987), trial courts must generally balance the plaintiff's privacy interest against the "customary and constitutionally embedded presumption of openness in judicial proceedings." Id. at 643 (quoting Doe v. Stegall, 653 F.2d at 186). Thus, while "it is axiomatic that lawsuits are public events and that the public

2

has a legitimate interest in knowing the facts involved, including the identities of the parties," Doe v. Hallock, 119 F.R.D. at 643, "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004)(Posner, J.), citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir.2000); M.M. v. Zavaras, 139 F.3d 798, 802-03 (10th Cir.1998); James v. Jacobson, 6 F.3d 233, 238-43 (4th Cir.1993); Doe v. Frank, 951 F.2d 320 (11th Cir.1992); Doe v. Stegall, 653 F.2d at 184-86.

In the case at bar, the potential harm to the plaintiff and her child is substantial. Ms. Doe has obtained an Abuse Prevention Order on behalf of her child from the Massachusetts Family and Probate Court, pursuant to M.G.L. c. 209A, wherein that court found a substantial likelihood of immediate danger of abuse for her child. See Affidavit in Support of Motion for Leave to Proceed Under a Pseudonym (filed under seal with the Court). Likewise, Ms. Doe has been approved for the Massachusetts Secretary of State's Address Confidentiality Program for victims of domestic violence. Id. Under the circumstances detailed herein and in the Affidavit in Support of Motion for Leave to Proceed Under a Pseudonym, particularly where a threat of actual physical harm is present, a plaintiff should be allowed to proceed anonymously. 2A Moore's Federal Practice, 110.02 at 10-7 (1991 ed.).

The potential harm to the plaintiff in this case outweighs any potential prejudice to the defendants. The defendants conceivably can be prejudiced if no real plaintiff stands behind the pseudonym, if the court cannot fix the *res judicata* effect of a judgment, or if the defendants are unable to take discovery against the plaintiff. Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, *1125 (10th Cir. 1979). While not anticipating any of the above, in an effort to counter the

possibility of any prejudice to the defendant, plaintiff agrees to make available her full, true name to the defendants, under seal and subject to other appropriate safeguards, if so ordered by the Court.

Because the granting of this motion will protect Ms. Doe and her child from a substantial likelihood of immediate danger of abuse, and because defendants will not suffer harm from the granting of the motion, plaintiff Jane Doe respectfully asks this Court to grant her motion.

Respectfully submitted,

Date: July 6, 2006

Jonathan L. Mannina, BBO # 636492
Kate J. Fitzpatrick, BBO # 664711
Legal Assistance Corporation
of Central Massachusetts
405 Main Street, Fourth Floor
Worcester, Massachusetts 01608
(508) 752-3718

Date: July 6, 2006

John Reinstein, BBO # 416120
American Civil Liberties Union of Massachusetts
211 Congress Street, Suite 300
Boston, Massachusetts 02110
(617) 482-3170

## CERTIFICATE OF SERVICE

I, Jonathan L. Mannina, attorney for the plaintiffs, hereby certify that I have on this 6th day of July, 2006, mailed the within, postage prepaid, to David M. Moore, Esq, City Solicitor, 455 Main Street, Room 301, Worcester, MA 01608.

Dated: July 6, 2006

_____
Jonathan L. Mannina