UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, ) | |
| SUZETTE LINDGREN, ) | |
| ANDREW MOYER, ) | |
| on behalf of themselves and all others ) | |
| similarly situated, and ) | |
| MASSACHUSETTS COALITION ) | |
| FOR THE HOMELESS, and ) | |
| CENTRAL MASSACHUSETTS ) | |
| HOUSING ALLIANCE, ) | |
| Plaintiffs, ) | CIVIL ACTION NO: **06-40133** |
| ) | |
| v. ) | |
| ) | |
| CITY OF WORCESTER, ) | |
| WORCESTER PUBLIC LIBRARY, and ) | |
| WORCESTER PUBLIC LIBRARY ) | |
| BOARD OF DIRECTORS, ) | |
| Defendants. ) | |

## ANSWER

Now comes Defendant city of Worcester, a legal entity which includes the Worcester Public Library and the Worcester Public Library Board of Directors, and in response to Plaintiff's complaint respectfully pleads the following as its answers and affirmative defenses:

I. INTRODUCTION

1. Paragraph one of the complaint contains no factual allegations which may be either denied or admitted.

II. JURISDICTION

2. Paragraph two of the complaint contains no factual allegations which may be either denied or admitted.

### III. PARTIES

3. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph three of the complaint.

4. Defendant admits that The Village at Cambridge Street is located at 510 Cambridge Street in Worcester, Massachusetts and Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph four of the complaint.

5. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph five of the complaint.

6. Admitted.

7. Admitted.

8. Admitted.

### IV. CLASS ACTION ALLEGATIONS

9. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph nine of the complaint.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph ten of the complaint.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph eleven of the complaint.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twelve of the complaint.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph thirteen of the complaint.

14. Denied.

### V. STATEMENT OF FACTS

15. Defendant denies the allegations as stated in paragraph fifteen of the complaint and states that its Worcester Public Library has implemented a policy that allows access to library

    items for individuals who cannot provide a residency sufficient to operate a reasonable delinquent book collection policy.

16. Denied.

17. Defendant admits the first two sentences of paragraph seventeen of the complaint and states that the third sentence contains no factual allegations which may be either denied or admitted.

18. Admitted.

A. <u>Jane Doe</u>

19. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph nineteen of the complaint.

20. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty of the complaint.

21. Denied.

22. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-two of the complaint.

23. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-three of the complaint.

24. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-four of the complaint.

25. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-five of the complaint.

26. Denied.

B. <u>Suzette Lindgren and Andrew Moyer</u>

27. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-seven of the complaint.

28. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-eight of the complaint.

29. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph twenty-nine of the complaint.

30. Defendant admits that library card applications were obtained and filled out, and further admit that the application itself does not set forth the lending policies, including restricted access. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph thirty of the complaint.

31. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph thirty-one of the complaint.

32. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph thirty-two of the complaint.

33. Admitted.

34. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph thirty-four of the complaint.

35. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph thirty-five of the complaint.

36. Admitted.

37. Admitted.

38. Denied.

C. Massachusetts Coalition for the Homeless (MCH)

39. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph thirty-nine of the complaint.

40. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph forty of the complaint.

41. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph forty-one of the complaint.

42. Denied.

D. <u>Central Massachusetts Housing Alliance (CMHA)</u>

43. Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph forty-three of the complaint.

44. Admitted.

45. Denied.

46. Denied.

VI. <u>CLAIMS FOR RELIEF</u>

<u>FIRST CLAIM FOR RELIEF</u>

47. Defendant restates and incorporates its answers to paragraphs one through forty-six herein.

48. Denied.

<u>SECOND CLAIM FOR RELIEF</u>

49. Defendant restates and incorporates its answers to paragraphs one through forty-eight herein.

50. Denied.

<u>THIRD CLAIM FOR RELIEF</u>

51. Defendant restates and incorporates its answers to paragraphs one through fifty herein.

52. Denied.

<u>FOURTH CLAIM FOR RELIEF</u>

53. Defendant restates and incorporates its answers to paragraphs one through fifty-two herein.

54. Denied.

## FIFTH CLAIM FOR RELIEF

55. Defendant restates and incorporates its answers to paragraphs one through fifty-four herein.

56. Paragraph fifty-six of the complaint states no allegation of facts but rather a legal conclusion for which no answer is required.

57. Denied.

## SIXTH CLAIM FOR RELIEF

58. Defendant restates and incorporates its answers to paragraphs one through fifty-seven herein.

59. Paragraph fifty-nine of the complaint states no allegation of facts but rather a legal conclusion for which no answer is required.

60. Denied.

## SEVENTH CLAIM FOR RELIEF

61. Defendant restates and incorporates its answers to paragraphs one through sixty herein.

62. Denied.

63. Denied.

## EIGHTH CLAIM FOR RELIEF

64. Defendant restates and incorporates its answers to paragraphs one through sixty-three herein.

65. Denied.

66. Denied.

## NINTH CLAIM FOR RELIEF

67. Defendant restates and incorporates its answers to paragraphs one through sixty-six herein.

68. Denied.

69. Denied.

## TENTH CLAIM FOR RELIEF

70. Defendant restates and incorporates its answers to paragraphs one through sixty-nine herein.
71. Denied.
72. Denied.

## ELEVENTH CLAIM FOR RELIEF

73. Defendant restates and incorporates its answers to paragraphs one through seventy-two herein.
74. Denied.
75. Paragraph seventy-five of the complaint states no allegation of facts but rather a legal argument for which no answer is required.
76. Paragraph seventy-six of the complaint states no allegation of facts but rather a legal argument for which no answer is required.
77. Paragraph seventy-seven of the complaint states no allegation of facts but rather a legal argument for which no answer is required.
78. Paragraph seventy-eight of the complaint states no allegation of facts but rather a legal argument for which no answer is required.
79. Paragraph seventy-nine of the complaint states no allegation of facts but rather a legal argument for which no answer is required.
80. Paragraph eighty of the complaint states no allegation of facts but rather a legal argument for which no answer is required.
81. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state any claims upon which relief can be granted.
2. Plaintiff Massachusetts Coalition for the Homeless lacks standing.

3. Plaintiff Central Massachusetts Housing Alliance lacks standing.

4. The "Worcester Public Library" is a department of Defendant City of Worcester and is not a legal entity capable of being sued.

5. Worcester Public Library Board of Directors is a constituent of the Worcester Public Library, a department of Defendant City of Worcester, and is not a legal entity capable of being sued.

6. The individual members of the Worcester Public Library Board of Directors enjoy qualified immunity for their actions.

7. Defendant at all times acted in the public interest by implementing a reasonable policy that allows access to library items for individuals who cannot provide a residency sufficient to operate a reasonable delinquent book collection policy.

8. Plaintiffs do not allege facts sufficient to support class certification.

9. Plaintiffs fail to identify any specific "similarly situated individuals" that would be members of a potential class, and, thus, fail to make the necessary showing that a class exists.

10. Plaintiffs will not fairly and adequately protect the interests of the class.

11. A class action is not the appropriate method for fair and efficient adjudication of the alleged controversy.

WHEREFORE, Plaintiffs' complaint should be dismissed with costs and reasonable attorneys fees awarded to the Defendant.

        City of Worcester, a legal entity which includes
Worcester Public Library and
Worcester Public Library Board of Directors

By Its Attorneys,

/s/ David M. Moore
David M. Moore (BBO #352580)
City Solicitor
Janet J. McGuiggan (BBO #630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, Massachusetts  01608
Telephone:  (508) 799-1161

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 28th day of August, 2006, I served Defendant's Answer upon Plaintiffs via electronic filing through the ECF system, and by mailing a copy of the same to Jonathan L. Mannina, Legal Assistance Corporation of Central Massachusetts, 405 Main Street, Fourth Floor, Worcester, Massachusetts  01608 and John Reinstein, American Civil Liberties Union of Massachusetts, 211 Congress Street, Suite 300, Boston, Massachusetts 02110.

/s/ David M. Moore
David M. Moore