UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE, SUZETTE LINDGREN, ANDREW MOYER, on behalf of themselves and all others similarly situated, and MASSACHUSETTS COALITION FOR THE HOMELESS, and CENTRAL MASSACHUSETTS HOUSING ALLIANCE,<br><br>            Plaintiffs,<br><br>    v.<br><br>CITY OF WORCESTER, WORCESTER PUBLIC LIBRARY, and WORCESTER PUBLIC LIBRARY BOARD OF DIRECTORS,<br><br>            Defendants. | Civil Action No.<br>06-40133-FDS |

**MEMORANDUM AND ORDER ON**
**<u>APPLICATION FOR CONSENT ORDER</u>**

**SAYLOR, J.**

This is an action challenging the constitutionality of a policy of the Worcester Public Library that allegedly restricted the borrowing privileges of persons residing in homeless shelters, transitional houses, and similar facilities. On December 18, 2006, the parties filed a Consent Order and Settlement Agreement (the "Proposed Order") executed by all parties and their counsel. The Proposed Order contains eleven numbered paragraphs setting forth a detailed settlement of the litigation and imposing various obligations on the defendants. The parties request that the Court execute the Proposed Order, which would make the agreement a binding

order of the Court subject to enforcement by the contempt power.[1]

The Court expresses no view as to the merits of the settlement itself, which it is prepared to accept. Nonetheless, the Court's interests are not co-extensive with those of the parties where a consent order is involved. In the words of the Seventh Circuit:

> If a court accepts a decree, it need not decide the merits; the parties are free to agree on relief more extensive than federal law requires, for a consent decree is essentially a contract. Yet, a decree is not exactly a contract; it is an exercise of federal power, enforceable by contempt. The source of the obligations in the decree is the parties' will, not federal law. That is the contractual aspect of the decree. Finding the authority to impose obligations is not the only objective of a federal court, though. A judge has obligations to other litigants, who may depend on the availability of his time, and to members of the public whose interests may not be represented by the litigants. A district judge need not lend the aid of the federal court to whatever strikes two parties' fancy. A 'federal court is more than a 'recorder of contracts' from whom private parties may purchase injunctions.' Before entering a consent decree the judge must satisfy himself that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources.

*Kasper v. Board of Election Comm'rs*, 814 F.2d 332, 338 (7th Cir. 1987). The First Circuit has likewise characterized the obligations of the District Court in reviewing a proposed consent decree as follows:

> . . . the district court must assure itself that the parties have validly consented; that reasonable notice has been given possible objectors; that the settlement is fair, adequate, and reasonable; that the proposed decree will not violate the Constitution, a statute, or other authority; that it is consistent with the objectives of Congress; and, if third parties will be affected, that it will not be unreasonable or legally impermissible as to them.

---

[1] Paragraph 11 of the Proposed Order provides:

> If the Court declines to execute this Consent Order and/or to accept continuing jurisdiction, the terms and conditions of this Consent Order and Settlement Agreement shall nevertheless be fully binding upon the parties as an agreement in settlement of litigation. In such a situation, the parties shall jointly prepare and file a stipulation of dismissal pursuant to Rule 41(a)(l) of the Federal Rules of Civil Procedure.

*Durrett v. Housing Auth'y of City of Providence*, 896 F.2d 600 (1st Cir. 1990).

In the present case, the settlement appears to be the product of a valid consensual agreement; it is not in any apparent way inconsistent with federal or state law; and it does not unreasonably or impermissibly affect the legitimate interests of third parties in any obvious way.[2] As to the fairness and adequacy of the proposed settlement, the Court notes simply that it appears to be the product of extended negotiations conducted by experienced counsel, and the Court has no reason to suspect that it is inadequate or unfair in any respect.

The administrability and enforceability of the Proposed Order are somewhat less clear. While it does not appear that the basic remedial obligations in the Proposed Order (e.g., substituting a new policy for the challenged policy) would be unusually difficult to administer or enforce, the Court does have concerns as to whether certain provisions are amenable to enforcement by means of contempt sanctions in all respects. *See N.L.R.B. v. Brook Industries, Inc.*, 867 F.2d 434 (7th Cir. 1989). For example, paragraph 5 provides in part:

> The Defendants agree to make arrangements for, host, and fund one session of the Faces of Homelessness Speakers' Bureau of the National Coalition for the Homeless. . . .

The Court can envision scenarios under which paragraph 5 would be relatively simple to enforce (e.g., the event occurred, but defendants have refused to pay), but it can also envision scenarios under which enforcement would be considerably more complex or indeed unworkable (e.g., the

---

[2] It is unclear how the Court should address the requirement of "reasonable notice" to "potential objectors." This matter was filed as a class action, but it was settled before class certification, and the parties do not propose a settlement class. There is no requirement, as far as the Court can ascertain, that notice be provided to persons who would have been members of the class had it been certified (e.g., homeless persons in Worcester), or to provide a public notice and comment period. The lawsuit itself was a matter of public record and indeed was the subject of some media publicity. Under the circumstances, the Court will not require any additional notice to potential objectors other than the notice inherent in any public proceeding in the federal courts.

parties disagree over the precise arrangements for the event).

Rather than attempt to refine the agreed-upon language of the Proposed Order, or to attempt to foresee all circumstances under which an issue might conceivably arise, the Court will simply note that the Consent Order as executed may be subject to reconsideration or modification under future circumstances.  Presumably, the parties' obligations under the Settlement Agreement would not be affected by any such modification, and could be enforced like any other settlement agreement or contract.  Subject to that qualification, the Proposed Order will be executed herewith as a Consent Order of the Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 21, 2006